# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ADRIAN C. RYAN**  **PLAINTIFF**
**ADC #106017**

**v.**  **No: 4:20-cv-01303 JM-PSH**

**TIM RYLES,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Adrian C. Ryan filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, naming four individual defendants and alleging that he was exposed to the

COVID-19 virus at the Faulkner County Detention Center[1] (Doc. No. 2-1).  Ryan was granted *in forma pauperis* status and ordered to amend his complaint to clarify his claims and to describe how each named defendant was personally involved in any alleged violation of his rights.  *See* Doc. No. 4.  Ryan has filed an amended complaint (Doc. No. 5).  For the reasons stated below, the Court finds that Ryan's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the

---

[1] Ryan is now incarcerated at the Arkansas Division of Correction's Omega Center.  *See* Doc. No. 5 at 3.

elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Ryan was specifically instructed to describe the involvement of each named defendant in his amended complaint. Ryan's amended complaint names only one defendant – the Faulkner County Detention Center. He does not describe the involvement of any individual defendants.

The Faulkner County Detention Center is not an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Furthermore, Ryan does not describe the involvement of any individual defendant in his complaint. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Accordingly, the undersigned recommends that Ryan's claim(s) be

dismissed without prejudice for failure to state a claim upon which relief may be granted.

For the reasons stated herein, it is recommended that:

1. Ryan's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 18th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE